WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hubert Washington Jr., | No. CV-13-01317-TUC-BPV |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On October 9, 2013, Hubert Washington Jr., ("Petitioner"), an inmate confined in the Central Arizona Correctional Facility in Florence, filed an unsigned *pro se* Petition for Writ of Habeas Corpus by a person in state custody, pursuant to title 28, U.S.C. § 2254. (Doc. 1.)[1] In an Order dated December 6, 2013, the Court required Petitioner to complete and sign a Certificate certifying that Petitioner's signature on the Certificate shall serve as an original signature on his § 2254 Petition. On December 16, 2013, Petitioner returned the completed and signed Certificate. Before this Court are the Petition, Respondents' Answer with accompanying exhibits[2] (Doc. 12), and Petitioner's Reply with accompanying exhibits[3] (Doc. 17).

In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review

---

[1] "Doc." refers to the documents in this Court's file.

[2] The Court refers to Respondents' exhibits as (Resp. Exs. __ ).

[3] The Court refers to Petitioner's exhibits attached to the Reply as (Pet. Exs. __).

by the Ninth Circuit Court of Appeals if an appeal is filed. (Docs. 15 & 16.)

For the reasons discussed below, the Magistrate dismisses the second claim of Ground One, and Grounds Two through Three.

## I. Factual and Procedural Background

### A. Trial Court Proceedings

After a four-day jury trial, Petitioner, Hubert Washington Jr. was convicted in Pima County Superior Court, case # CR-20080469, of two counts of sexual assault. (Resp. Ex. A at 2.) On March 16, 2009, he was sentenced to consecutive prison terms totaling twelve years and three months. (Resp. Ex. B at 2-3.)

### B. Direct Appeal

Petitioner, through counsel, timely filed an appeal raising three issues of trial court error: (1) the trial court failed to strike the panel for cause; (2) the trial court precluded relevant evidence in violation of Petitioner's constitutional rights; and (3) the trial court's instructions were in error. (Resp. Ex. G.) On February 5, 2010, the Arizona Court of Appeals issued a memorandum decision affirming the convictions and sentences. (Resp. Ex. J.) On September 22, 2010, the Arizona Supreme Court denied a petition for review of the appellate court's decision. (Resp. Ex. M.)

### C. Petition for Post-Conviction Relief

On March 23, 2009, Petitioner filed a first notice of post-conviction relief. (Resp. Ex. D.) The trial court appointed counsel, but stayed the Rule 32 Petition pending the appeal, directing Petitioner to file a notice upon stay or completion of the appeal. (Resp. Ex. E.) On November 24, 2010, Petitioner filed a second notice of post-conviction relief. (Resp. Ex. N.) On March 15, 2011, Petitioner, through counsel, filed a petition for post-conviction relief (PCR) asserting that he was deprived of his state and federal constitutional rights to the effective assistance of counsel because trial counsel failed to object to the jury instruction defining sexual assault incorrectly by eliminating the *mens rea* as to the lack of consent, and appellate counsel failed to raise this issue as fundamental error. (Resp. Ex. Q.) Petitioner also argued that trial counsel was ineffective for failing to object to improper vouching by the prosecutor during closing arguments. *Id.*

On June 15, 2011, the trial court summarily denied the petition. (Resp. Ex. U.)

Petitioner filed a *pro se* motion for rehearing in the trial court. (Resp. Ex. V.) The court denied the motion for rehearing, finding that Petitioner was not entitled to hybrid representation and was therefore "not granted leave to file the motion." (Resp. Ex. W.)

Petitioner, through counsel, filed a petition for review from the trial court's denial of PCR relief in the court of appeals. (Resp. Ex. X.) Thereafter, the Petitioner filed a motion to permit the filing of supplemental authority in support of his argument that the jury instruction given by the trial court was fundamental error. (Resp. Ex. Y.) The appellate court granted the motion to supplement. (Resp. Ex. Z.) On November 18, 2011, in a memorandum decision, the court of appeals granted review of Petitioner's petition for review of the trial court's denial of his PCR, but denied relief. (Resp. Ex. CC.)

Petitioner filed a petition for further review of this decision with the Arizona Supreme Court. Resp. (Ex. FF.) The Arizona Supreme Court denied the petition for further review on May 30, 2012. The mandate was issued by the appellate court on October 15, 2012. (Pet. Ex. M.)

D.    Federal Habeas Petition

Washington filed this Petition for writ of habeas corpus in this Court on October 9, 2013. (Doc. 1.)  Petitioner raises three grounds for relief. In Ground One, Petitioner alleges that he was denied effective assistance of counsel, in violation of the Sixth Amendment, because his attorney failed to object to the prosecutor's alleged violations of Petitioner's Fifth and Fourteenth Amendment due process rights. In Ground Two, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated by a jury instruction that misstated the law about sexual assault. In Ground Three, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated during the prosecutor's closing argument. Petitioner states that he has presented all three grounds to the Arizona Court of Appeals.

**II.    Discussion**

A.    Standard of Review

Because Washington filed his petition after April 24, 1996, this case is governed

by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

C. Analysis

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is timely. Washington had until one year after his conviction and sentence became final to file his federal petition.

### 1.     *Limitation Period Under § 2244 (d) (1) (A)*

Petitioner's convictions and sentences became final on December 22, 2010, ninety (90) days after his direct appeal was denied by the Arizona Supreme Court on September 22, 2010, when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup.Ct.R. 13; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review). Accordingly, Petitioner was required to file his petition for writ of habeas corpus within one year of the date his convictions became final, *i.e.*, one year from December 22, 2010. Absent any statutory or equitable tolling periods, Petitioner's right to file a federal habeas petition expired on December 22, 2011. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating the AEDPA's one-year statute of limitations using the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure).

### 2.     *Statutory Tolling*

The limitations period was tolled immediately, however, by the pendency of Petitioner's first PCR. *See* 28 U.S.C. § 2244(d)(2). There was no gap between the conclusion of direct review, and Washington's properly filed notice of PCR. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004) (state petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Washington's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2).

Respondents contend that the statutory tolling period ended on May 30, 2012 when the Arizona Supreme Court denied review of the Arizona Court of Appeals' decision in the PCR proceeding. (Answer at 5.) According to Respondents, Petitioner then had until May 30, 2013 to seek federal habeas relief. (*Id.*) Petitioner counters that her federal petition is timely filed because the statutory tolling period did not end until

- 5 -

the Arizona Court of Appeals issued the mandate on October 15, 2012. (Petition at 11; Pet Ex. M)

Contrary to the Respondents' assertion that the state post-conviction proceeding concluded for purposes of statutory tolling when the Arizona Supreme Court denied, review, in this situation it is the mandate, not the memorandum decision, that concludes the tolling period; state law determines the conclusion of collateral review and thus, state law also determines the conclusion of statutory tolling under the AEDPA. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007). "In Arizona, when the court of appeals grants review of a petition, but denies the petition, direct review is not final until the mandate has issued." *Ramon v. Ryan*, 2010 WL 3564819, *6 (D.Ariz. 2010) (citing Ariz.R.Crim.P. 31.23(a)2)); *see also Celaya v. Stewart*, 691 F.Supp.2d 1046, 1055, 1074–1075, (D.Ariz. 2010) (adopting magistrate judge's conclusion that PCR petition "was pending, as the Supreme Court has defined that term in *Carey* [*v. Saffold,* 536 U.S. 214 (2002)], until it reached final resolution upon issuance of the court of appeals mandate....", and finding "under Arizona law, the Petitioner is entitled to statutory tolling because an Arizona appellate court decision is not final until the mandate issues") (collecting cases holding that conviction becomes final on date either the appellate court or state supreme court issues the mandate), *aff'd* 497 Fed.Appx. 744 (9th Cir. 2012)("Under Arizona law, [petitioner's] post-conviction review ... petition was 'pending' until the Arizona Court of Appeals issued the mandate concluding its review of that petition....")).

Arizona Rules of Criminal Procedure provide, in pertinent part, that in cases where the petitioner seeks review of the appellate court's decision, the appellate court "shall not issue a mandate until 5 days after the receipt" of an order denying review. Ariz.R.Crim.P. 31.21(a)(3); *see also* A.R.S. § 12–120.24 ("upon the receipt from the clerk of the supreme court of notification that the request for review has been denied, the clerk of the division [of the appellate court] shall, if the matter has been decided by formal opinion, issue the mandate of the court of appeals, if no written formal opinion has been rendered then by certified copy of the order of the court."). Further, in a case where the appellate

court had issued a memorandum opinion, the Arizona Supreme Court has explained that "[i]f this court denies the petition and cross petition for review, the Court of Appeals issues the mandate to the trial court....This procedure comports with the notion that the court which makes the binding decision should issue the mandate." *State v. Ikirt,* 160 Ariz. 113 (1989) (*citing* Ariz.R.Crim.P. 31.19(h)); *see also Borrow v. El Dorado Lodge, Inc.,* 75 Ariz. 218, 220 (1953) (an appellate court's decision becomes effective "under our practice, [on] the date of issuance of ... the mandate") (citation omitted).

Respondents' reliance on the Ninth Circuit's decision in *Hemmerle* is also misplaced given that *Hemmerle* did not involve a situation where, like the instant case, the appellate court granted review but denied relief in the post-conviction proceeding. Instead, *Hemmerle,* in pertinent part, addressed whether a letter issued from the clerk of the court of appeals facilitating the performance of the ministerial function of returning the record to the trial court after the Arizona Supreme Court's denial of review factored into the tolling period under section 2244(d)(2). *Hemmerle,* 495 F.3d at 1077. In deciding that the post-conviction proceeding was not pending for purposes of AEDPA's tolling provision when the letter issued, the *Hemmerle* court pointed out that the letter was not a mandate, nor was it the equivalent to the issuance of a mandate. *Id.* On the instant facts, the AEDPA statute of limitations was tolled until October 15, 2012 when the mandate issued in the post-conviction relief proceedings. *See Celaya,* 691 F.Supp.2d at 1055, 1074–1075; *Ramon,* 2010 WL 3564819, at \*6. Petitioner had one year from that date to file his federal habeas petition. Petitioner's federal habeas action commenced on October 9, 2013 is timely filed under the AEDPA.

D.   Procedural Default

In Ground One, Petitioner alleges that he was denied effective assistance of counsel, in violation of the Sixth Amendment, because his attorney failed to object to the prosecutor's alleged violations of Petitioner's Fifth and Fourteenth Amendment due process rights. In Ground Two, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated by a jury instruction that misstated the law about sexual assault. In Ground Three, Petitioner alleges that his Fifth and Fourteenth

Amendment due process rights were violated during the prosecutor's closing argument.

Respondents assert that Petitioner has procedurally defaulted all but one subclaim asserted in Ground One, and all of Grounds Two and Three. The undersigned agrees with Respondents in part, and finds that two subclaims in Ground One are not procedurally defaulted: Petitioner's claim that trial counsel failed to object to the jury instruction defining sexual assault because the instruction incorrectly eliminated the *mens rea* as to the lack of consent and his claim that trial counsel failed to object to prosecutorial vouching regarding the victim's statements in the 911 call. The remaining subclaim in Ground One, and Grounds Two through Three are procedurally defaulted.

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim

could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz*, 149 F.3d at 931–32 (finding Rule 32.2(a)(3) regularly followed and adequate).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10.

To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

### 1. Ground One

Petitioner asserts in Ground One of the Petition that his trial counsel was ineffective by failing to object to the prosecutor's violation of his right to due process. (Petition at 6.) Specifically, Petitioner objects to counsel's failure to object to (a) the prosecutor's misleading of the jury as to the appropriate law; (b) the prosecutor's assertion that the victim could not consent because he was mentally impaired; and (c) counsel's failure to object to the prosecutor vouching for the victim by invoking the victim's call to the 911 operator. (*Id.*)

Regarding Ground One (a), Petitioner argues in his Petition that his counsel was ineffective for failing to object to the prosecutor's violation of his right to due process because "the Prosecutor misled the jury on the law she claims I violated by leaving out, [i]ntentionally or [k]nowingly, from 13-1406, any variation on what's already written is a violation of my fifth and fourteenth amendment rights, and my attorney knew the Prosecutor was going to do this because it was discussed between the judge, Prosecutor, and Mr, Kingston my defence [sic] attorney." (Petition at 6.)

While Respondents do not concede that this claim was exhausted in the state courts, this Court finds that, construing the instant Petition liberally, as this Court must do[4], Petitioner exhausted this claim in his PCR, arguing that "[t]he jury instruction

---

[4] A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

- 10 -

defining sexual assault incorrectly eliminated the requirement that Washington knew the sexual contact was against [the victim's] consent. Washington received ineffective assistance at trial because his attorney did not object to the instruction." (Resp. Ex. Q. at 2.) Petitioner next argued that the trial court's denial of this claim was error to the appellate court by arguing that "[t]he trial court's offense instruction was a patent misstatement of the law and eliminated the *mens rea* for an offense element. … The court's prejudice analysis confuses the question of the victim's consent with whether Washington knew the victim had not consented." (Resp. Ex. BB at 9.) The appellate court acknowledged that both trial and appellate counsel had an "apparently meritorious claim that the jury instruction incorrectly stated the law" but that Petitioner did not establish a colorable claim that his counsel's conduct fell below prevailing professional norms, and the trial court did not err in summarily denying that claim. (Resp. Ex. BB at 3-6.)

The Court considers, for purposes of this Petition, that Petitioner is arguing that trial counsel failed to object to an improper jury instruction. It is irrelevant whether the Petitioner attributes the source of the jury instruction to the prosecutor or the trial court, or even to his own trial counsel, as the claim is ineffective assistance of counsel, and the source of the claim is the deficient performance of his counsel in failing to object to the jury instruction, regardless of its source.

Respondents concede that Petitioner presented Ground One (c), counsel's failure to object to the prosecutor vouching for the victim by invoking the victim's call to the 911 operator, to the state courts. Accordingly, the Court will call for an answer from Respondents addressing the merits of Ground One(a) and (c).

In Ground One (b), Petitioner argues that trial counsel failed to object to the prosecutor's assertion that the victim could not consent because he was mentally impaired. (Petition, at 6.) Respondents correctly assert that Petitioner failed to fairly present and exhaust this claim and cannot now return to state court to properly exhaust this claim, thus, Ground One (b) is technically exhausted but procedurally defaulted. (Answer at 11.)

Petitioner did not present this claim to the state courts in his post-conviction

proceedings. (Resp. Ex. Q & X.) Thus, Petitioner has failed to fairly present and exhaust this claim. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."). Petitioner cannot return to state court and properly exhaust any such claim. *See* Ariz. R. Crim. P. 32.2, 32.4(a); *State v. Mata*, 185 Ariz. 319, 334–336 (1996). Accordingly, Ground One (b) of the Petition is technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1. Petitioner has not alleged cause and prejudice or a fundamental miscarriage of justice to overcome these defaults. *See id.*, 501 U.S. at 750. Thus, the Court dismisses this claim.

### 2. *Grounds Two and Three*

In Ground Two, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated by a jury instruction that misstated the law about sexual assault. (Petition at 7.) In Ground Three, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated during the prosecutor's closing argument. (Petition at 8.)

Respondents correctly assert that Petitioner failed to fairly present and exhaust these claims and cannot now return to state court to properly exhaust these claims, thus, Grounds Two and Three are technically exhausted but procedurally defaulted. (Answer at 11-12.)

Petitioner did not present these claims to the state courts in his appellate or post-conviction proceedings. (Resp. Ex. G, Q, X.) Thus, Petitioner has failed to fairly present and exhaust these claims. *See Baldwin*, 541 U.S. at 32; *Castillo*, 399 F.3d at 1000. Petitioner cannot return to state court and properly exhaust any such claims. *See* Ariz. R. Crim. P. 32.2, 32.4(a); *Mata*, 185 Ariz. at 334–336. Accordingly, Grounds Two and Three of the Petition are technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1. Petitioner has not alleged cause and prejudice or a fundamental miscarriage of justice to overcome these defaults. *See Coleman*, 501 U.S. at 750. Thus,

the Court dismisses these claims.

Accordingly,

IT IS ORDERED:

(1) Ground One (b) and Grounds Two and Three are dismissed;

(2) Respondents shall file a supplemental answer, addressing Ground One (a) and (c), within thirty days of the filing date of this order.

(3) Petitioner may file a supplemental reply within thirty days from the date of service of the supplemental answer addressing Ground One (a) and (c) only.

The Court will take the matter under advisement upon receipt of the supplemental briefing.

Dated this 21st day of January, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge